## Commonwealth v. Nicholas

*Joseph M. Loughran*, for Commonwealth.
*Wm. M. Kahanowitz*, for defendant.

LAIRD, P. J., May 25, 1949.—In this case defendant was charged with a violation of The Vehicle Code and comes before the court on his appeal. Consequently the matter was heard de novo.

At the hearing the Commonwealth produced evidence to show that defendant violated section 1002(*b*), par. 6, of The Vehicle Code, to wit, exceeding the speed limit. At the close of the Commonwealth's testimony, defendant moved the court for a dismissal assigning the following reasons:

"1. That defendant's name is Omer W. Nichols.

"2. That the arresting officer demanded and received from Omer W. Nichols his operator's license for the year 1948, which shows the name of defendant as Omer W. Nichols.

"3. Notwithstanding that the officer had the information and correct name of defendant, he made an information against Omer W. Nicholas.

"4. That the return receipt card received by the magistrate before whom the information was made shows the name of defendant as Omer W. Nichols."

The motion was not ruled on at the time but was held for the consideration of the trial judge, defendant being directed to proceed with his defense without

prejudice pending decision of his motion. Defendant then testified that his proper and correct name is Omer W. Nichols. He further testified that he had an argument with the committing magistrate about the spelling of his name and that the correct name and spelling thereof was given to the justice of the peace, before whom the information was made.

In Commonwealth v. Bowers, 3 Brewster 350, the court said, quoting from page 354:

"The second reason assigned has more weight in it. The allegata and probata did not agree. The name in the indictment was Sensenderfer. The real name was Sensenderf. . . . These names are not idem sonons, and the defendant was not bound to make the objection before the jury."

In Commonwealth v. Liebowitz, 143 Pa. Superior Ct. 75, it is stated in the first paragraph of the syllabus, which syllabus is fully borne out by the opinion in that case:

"Where it appeared that defendant at the time of his arrest gave his name as 'A'; and that at the trial, on indictments charging him with larceny and receiving stolen goods, there was testimony that defendant's real name, was 'B'; it was held on appeal that it was not error to allow the Commonwealth's motion to amend the indictments by making defendant's name therein read 'B', alias 'A'."

In Commonwealth v. Syren et al., 150 Pa. Superior Ct. 32, it is said in the fifth paragraph of the syllabus:

"A variance between the indictment and the proof adduced at the trial may be amended even after a verdict if the variance or amendment is not material or substantive and the defendant is not prejudiced thereby."

In the instant case the Commonwealth made no motion or effort to amend the information or correct the record.

In 1 Sadler, Criminal Procedure in Pennsylvania 284, sec. 235, it is said:

"An indictment must name the defendant whom it is intended to charge with the offense alleged, and an omission in this regard will render the indictment bad. This rule is subject to the qualification that if the name is unknown that fact may be stated. The real name of defendant, when discovered, should be substituted by amendment, rather than by erasing and rewriting. The defendant may be called by the name by which he is usually known. Thus, it is sufficient if a foreigner be indicted under the English equivalent of the foreign words, to which he has assented. His Christian name should be given."

At page 421, section 346, in the same work, it is said:

"A difference between proof and allegation as to name may be fatal, if not amended."

As no amendment was made or suggested, we are constrained to believe that defendant's motion to quash the proceedings and dismiss the defendant should be sustained.

And now, to wit, May 25, 1949, after argument and after due and careful consideration, it is ordered, adjudged and decreed that defendant's motion to quash the information be and the same hereby is sustained and defendant is dismissed.